THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

The OFFICE CANTONAL DES
FAILLITES DE LA REPUBLIQUE
ET DU CANTON GENEVE, acting
in its capacity as representative in the
bankruptcy of AMOMA SARL, a
Swiss limited liability company,

     Plaintiff,

  v.

EXPEDIA, INC.,

     Defendant.

CASE NO. 2:23-cv-00983-BJR

**AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND
ORDER**

   The Parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A. General Principles**

   1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the Parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 2:23-cv-00983-BJR) - 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

2.      As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.  This agreement is intended to assist the Parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case.  The agreement does not supplant the Parties' obligations to comply with Fed. R. Civ. P. 34.

**B.      ESI Disclosures**

Within 30 days of a Party serving responses to the opposing Party's first set of Requests for Production, or at a later time if agreed to by the Parties, that responding Party shall disclose:

1.      <u>Custodians.</u> The custodians most likely to have responsive and non-duplicative ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, status as a current or former employee, and the type of the information under the custodian's control.

2.      <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, most likely to contain responsive and non-duplicative ESI.

3.      <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, most likely to contain responsive and non-duplicative ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a Party is (or is not) able to preserve information stored in the third-party data source.

4.      <u>Foreign data privacy laws.</u>  Nothing in this Order is intended to prevent either Party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679.  The Parties

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 2:23-cv-00983-BJR) - 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.      ESI Discovery Procedures**

1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting Party of specific need and good cause or by agreement of the Parties.

2.      <u>Search methodology.</u> The Parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken.

a.      Prior to running searches:

i.      The producing Party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive information. At the request of the receiving Party, the producing Party may provide a search term hit report for each search query. The search hit reports must provide the document hit count, document with family/grouping hit count, and the unique hit count of items that only appear in a single search string.

ii.      After disclosure, the Parties will engage in a meet and confer process regarding additional terms sought by the non-producing Party.

iii.      The following provisions apply to search terms / queries of the requesting Party.  Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  A conjunctive combination of

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 2:23-cv-00983-BJR) - 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  The producing Party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

3. <u>Format.</u>

The technical production format for ESI and Hard Copy is set forth in the attached Production Format Exhibit.

4. <u>De-duplication.</u> The Parties may de-duplicate their ESI production using exact HASH value identification, processed across custodial and non-custodial data sources after disclosure to the requesting Party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file. Family grouping shall not be broken apart during the de-duplication process.

5. <u>Email Threading.</u>  The Parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members (unique attachments family members shall be produced with the parent email) and may exclude lesser inclusive copies.  Upon reasonable request, the producing Party will produce a less inclusive copy.

6. <u>Metadata fields.</u>  The following fields of metadata will be produced to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 2:23-cv-00983-BJR) - 4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the Parties, particularly in light of advances and changes in technology, vendor, and business practices.

7.      <u>Hard-Copy Documents.</u> If the Parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing Party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D.      Privilege**

1.      A producing Party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing Party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other Parties no later than 60 days after

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 2:23-cv-00983-BJR) - 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    each rolling production volume, and no later than 30 days before the deadline for filing motions

2    related to discovery.

3         2.     Redactions need not be logged so long as the basis for the redaction is clear on the

4    redacted document, and the Redaction field is properly updated and produced as specified in the

5    Production Format Exhibit.

6         3.     With respect to privileged or work-product information generated after the filing

7    of the complaint, Parties are not required to include any such information in privilege logs.

8         4.     Activities undertaken in compliance with the duty to preserve information are

9    protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

10        5.     Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically

11   stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding

12   shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute

13   a waiver by the producing Party of any privilege applicable to those documents, including the

14   attorney-client privilege, attorney work-product protection, or any other privilege or protection

15   recognized by law.  This Order shall be interpreted to provide the maximum protection allowed

16   by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained

17   herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI

18   or information (including metadata) for relevance, responsiveness and/or segregation of

19   privileged and/or protected information before production.  Information produced in discovery

20   that is protected as privileged or work product shall be immediately returned to the producing

21   Party.

22

23

24

25

26

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 2:23-cv-00983-BJR) - 6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

DATED: April 25, 2024.

| | |
|---|---|
| **KELLER ROHRBACK LLP**<br><br>By: _s/ Lynn Lincoln Sarko_<br>Lynn Lincoln Sarko, WSBA No. 16569<br>Adele Daniel, WSBA No. 53315<br>Ryan McDevitt, WSBA No. 43305<br>1201 3rd Avenue, Suite 3200<br>Seattle, WA 98101<br>Phone: (206) 623-1900<br>Email: lsarko@kellerrohrback.com<br>        adaniel@kellerrohrback.com<br>        rmcdevitt@kellerrohrback.com | **MORGAN, LEWIS & BOCKIUS LLP**<br><br>By: _s/ Angelo J. Calfo_<br>Angelo J. Calfo, WSBA No. 27079<br>Ari M. Sillman, WSBA No. 60798<br>1301 Second Avenue, Suite 3000<br>Seattle, WA 98101<br>Phone: (206) 274-6400<br>Email: angelo.calfo@morganlewis.com<br>        ari.sillman@morganlewis.com |
| **KELLER ROHRBACK LLP**<br><br>By: _s/ Gary A. Gotto_<br>Gary A. Gotto, (*Pro Hac Vice*)<br>3101 N. Central Avenue, Suite 1400<br>Phoenix, AZ 85012<br>Phone: (602) 248-2822<br>Email: ggotto@kellerrohrback.com<br><br>*Attorneys for Plaintiff* | **COVINGTON & BURLING LLP**<br><br>By: _s/ Thomas O. Barnett_<br>Thomas O. Barnett, #426840 (*Pro Hac Vice*)<br>Jeffeline Ermilus, #1613702 (*Pro Hac Vice*)<br>One CityCenter<br>850 Tenth Street NW<br>Washington, D.C. 20001<br>Email: tbarnett@cov.com<br><br>*Attorneys for Defendant Expedia, Inc.* |

## ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED this 29th day of April, 2024.

_Barbara J. Rothstein_

Barbara Jacobs Rothstein
U.S. District Court Judge

PRODUCTION FORMAT EXHIBIT

**Electronically Stored Information Production Format**

All ESI is to be produced in an "imaged" file with the corresponding "image load/unitization files," "OCR or Extracted text files," and the "associated delimited metadata database." Additionally, the requesting party specifies that select files should be produced in their native file format where an image file does not adequately represent the files as maintained in the ordinary course (often this relates to databases, spreadsheets, media, and presentations). Where ESI exists as structed data, production in an alternative format is preferred and the parties shall meet and confer to finalize an appropriate alternative format. The key concepts are explained below.

1.      **Native:** Microsoft Access files, Excel files, .CSV files, other similar databases and spreadsheet files, media files, and presentation files like Microsoft PowerPoint shall be produced in the format which the electronically stored information was originally created.  If media files are maintained in a non-standard format, they shall be produced as MP3 files for audio or AVI files for video.  If a spreadsheet requires redactions across entire rows or columns the parties shall meet and confer to agree on a native file redaction format to avoid imaging spreadsheets for the purpose of full column or row redactions. Native Files will be produced together with a placeholder TIFF image.  Each TIFF placeholder will contain language indicating that the document is being produced in native format.  A relative file path to the native file shall be provided in the metadata database as described in item *5*.  To the extent the requesting party obtains through discovery a file or document that it believes is not adequately represented in an image file format, it may request that file or document be produced in native format, the production of which may not unreasonably be withheld.

2.      **Imaged File:** a TIFF image converted from the native file as it was originally created;

- 1 -

      a.      All images shall be 1 Bit group4 black and white TIFF files (except when color images are required to read or understand the file/document's content; all color images shall be produced as a JPEG file);

      b.      Hidden content, tracked changes or edits, comments, notes, and other similar information viewable within the native file shall also be imaged so that such content is viewable on the image;

      c.      Bates numbers shall be branded to the images so that the numbers print;

      d.      Images shall be single page image files (one file for each page of a document).

**3.**     **<u>Image Load/Unitization Files</u>:** An image load/unitization file in a standard .opt or .log litigation support image load format shall be included which provides:

      a.      the document number for each image;

      b.      the full path name(s) of each image file;

      c.      the document boundaries for each document;

      d.      the load file shall be in the order that appropriately corresponds with each image file;

      e.      the following represents the format of a standard .opt or .log image load/unitization file:

Bates,Volume,PATH_to_image,Document Break,Folder Break,Box Break,Total_Pages.

```
M_0100000,06150101,\06150101\0000\000l.TIF,Y,,,1
M_0100001,06150101,\06150101\0000\0002.TIF,Y,,,l
M_0100002,06150101,\06150101\0000\0003.TIF,Y,,,1
M_0100003,06150101,\06150l01\0000\0004.TIF,Y,,,2
M_0100004,0615010l,\06150101\0000\0005.TIF,,,,
M_0100005,06150101,\06l50l01\0000\0006.TIF,Y,,,1
M_0100006,06150101,\06150101\0000\0007.TIF,Y,,,4
M_0100007,06150101,\06150101\0000\0008.TIF,,,,,
```

M_0100008,06150I01,\0615010l\0000\0009.TIF,,,,,
M_0100009,06150101,\06150101\0000\0010.TIF,,,,,

    **4.**    <u>**OCR or Extracted Text File**</u>:  An OCR or Extracted text file which corresponds to each produced document shall be provided as follows:

    a.    Document level OCR text for redacted documents or Extracted text for ESI not containing redaction are to be located in the same directory as its image file;

    b.    The text file name shall be the same name of the first image page for the document set, followed by .txt.

    c.    An OCR or Extracted text file containing the produced document's content will be provided for all documents whether it is produced as an image file or natively.

    d.    An OCR file should only be provided for ESI when privilege redactions are required.


    **5.**    <u>**Associated delimited metadata database**</u>**:** A database load file shall be provided in a ".dat" file format that extracts metadata into fields in a delimited text load file.  For the .dat file the parties should use delimiters (ASCII 020 corresponding to a comma, ASCII 254 corresponding to a double quote, ASCII 174 corresponding to a new line, and a semicolon used to separate values).  The fielded data should include all the below metadata fields for a file/document in addition to the unitization (including the production number of the first and last page of each document) and attachments (including information sufficient to identify the parent and child relationships of all documents that are or have attachments).  The first line of the data load file should contain the field headers indicating the contents of each field, and each subsequent line should contain the fielded data for each document.

| FIELD NAME | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|
| BEGBATES | Beginning production number for a given file/document | Email, E-Doc and Other[1] |
| ENDBATES | Ending production number for a given file/document | Email, E-Doc and Other |
| BEGATTACH | Production number of first page of parent | Email, E-Doc and Other |
| ENDATTACH | Production number of last page of last attachment | Email, E-Doc and Other |
| CUSTODIAN | Person, shared file or other source from whom files were collected | Email, E-Doc and Other |
| DUPLICATE CUSTODIAN | To identify other custodians whose files contained a particular document that was eliminated through exact match HASH value de-duplication | Email, E-Doc and Other |
| DUPLICATE FILEPATH | Folder locations of documents held by other custodians whose copy of the document was not produced based on exact match HASH value de-duplication. Folder names shall be delimited by semicolons. | Email, E-Doc and Other |
| FILEEXT | File extension | Email and E-Doc |
| HASH | MD5 Hash Value | E-mail and E-Doc |
| ATTACHNAME | The file name(s) of attachments to a parent document (separated by a semicolon) | Email and E-Doc |

---

[1] Other is defined as documents for which internal metadata is not exchanged, including but not limited to, scanned documents and documents obtained from the internet.

| FIELD NAME | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|
| EMAILSUBJECT | Email Subject line | E-mail |
| FROM | Email Sender | E-mail |
| TO | Email Recipient | E-mail |
| CC | Email Copyee | E-mail |
| BCC | Email Blind Copyee | E-mail |
| DATESENT | Date Sent & Time (MM/DD/YYYY HH:MM) | E-mail |
| DATERECEIVED | Date Received & Time (MM/DD/YYYY HH:MM) | E-mail |
| DATELASTMOD | Date modified & Time (MM/DD/YYYY HH:MM) | E-Doc |
| DATECREATED | Date created & Time (MM/DD/YYYY HH:MM) | E-Doc |
| TITLE | Any value populated in the Title field of the document properties | E-Doc |
| SUBJECT | Any value populated in the Subject field of the document properties | E-Doc |
| AUTHOR | Any value populated in the Author field of the document properties | E-Doc |
| LASTMODIFIEDBY | Any value populated in the last modified by field of the document properties | E-Doc |
| ITEMTYPE | Identifies whether the file is an email, attachment to email, or loose edoc | E-mail and E-Doc |

| FIELD NAME | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|
| REDACTION | Identifies whether the file was redacted and the redaction type (Privilege, Responsive, etc.) | E-mail and E-Doc |
| CONFIDENTIAL | Identifies whether the file is designated confidential and designation type | E-mail and E-Doc |
| FILENAME | Original file name | E-Doc |
| FILEPATH | Original file path to the file or e-mailbox folder structure | E-mail and E-Doc |
| NATIVEFILE | Path to native file as produced | Native |
| TEXTPATH | Path to OCR or extracted text file | E-mail, E-Doc and Other |

6. **Structured ESI:** Structured data tends to be data in or exported from a database and has the following characteristics:

• Logical entities decomposed into data elements (known as fields or records) at a highly granular level;

• Individual data elements are stored in specific assigned logical and physical areas within a series of files (or a single fielded table or a text delimited file);

• These data elements are linked to each other by internal mechanisms, interpretable by the database software;

• These links or relationships may involve metadata elements stored within the database, in addition to the data elements of the logical entity; and

• Once properly assembled and formatted (e.g., in the form of a report), structured data is often readily understandable.

- 6 -

Responsive ESI existing in a structured format shall be produced in an alternative format agreed to by the parties.  Common structured ESI production formats include CSV or TAB delimited text file, and Microsoft Access database files.

  **7.**  **<u>Embedded Objects</u>:** The parties shall meet and confer over the inclusion or exclusion of embedded files from the production.

**Hard-Copy (i.e., non-ESI) Production Format**

The following applies to documents that exist only in hard-copy format and are therefore unavailable in native electronically stored information ("ESI") format.  All such documents that are amenable to being imaged should be produced in an "imaged" file with the corresponding "image load/unitization files," "OCR text files," and the "associated delimited database," as defined below.  Documents that exist only in hard copy should not he produced in hard copy format.

1.      **Imaged File:** a TIFF image scanned from the hard copy document;

       a.      All images shall be 1 bit group4 black and white TIFF files (except when color images are required to read or understand the file/document's content; all color images shall be produced as a JPEG file);

       b.      Bates numbers shall be branded to the images so that the numbers print;

       c.      Images shall be single page image files (one image file for each document's page).

2.      **Image Load/Unitization Files**: An image load/unitization file in a standard .opt or .log litigation support image load format shall be included which provides:

       a.      the document number for each image;

       b.      the full path name(s) of each image file that represents a document page;

       c.      the document boundaries for each document;

       d.      the load file shall be in the order that appropriately corresponds with each image file;

       e.      the following represents the format of a standard .opt or .log image load/unitization file:

Bates,Volume,PATH_to_image,Document Break,Folder Break,Box Break,Total_Pages.

```
M_0100000,06150101,\06150101\0000\0001.TIF,Y,,,1
M_0100001,06150101,\06150101\0000\0002.TIF,Y,,,1
M_0100002,06150101,\06150101\0000\0003.TIF,Y,,,1
M_0100003,06150101,\06150101\0000\0004.TIF,Y,,,2
M_0100004,06150101,\06150101\0000\0005.TIF,,,,
M_0100005,06150101,\06150101\0000\0006.TIF,Y,,,1
M_0100006,06150101,\06150101\0000\0007.TTF,Y,,,4
M_0100007,06150101,\06150101\0000\0008.TIF,,,,,
M_0100008,06150101,\06150101\0000\0009.TIF,,,,,
M_0100009,06150101,\06150101\0000\0010.TIF,,,,,
```

3.     **OCR/Extracted Text File**:  An OCR text file which corresponds to each imaged

document shall be provided as follows:

a.     Document level OCR text file for each imaged document located in the

same directory as the image file;

b.     The OCR file name shall be the same name of the first image page for the

document set, followed by .txt.

4.     **Associated delimited database:** A database shall be provided in a ".dat" file

format that extracts metadata into fields in a delimited text load file.  The.dat file should use

delimiters (ASCII 020 corresponding to a comma, ASCII 254 corresponding to a double quote,

ASCII 174 corresponding to a new line, and a semicolon used to separate values).  The fielded

data should include all the below metadata fields for a file/document in addition to the

unitization (including the production number of the first and last page of each document) and

attachments (including information sufficient to identify the parent and child relationships of all

documents that are or have attachments as captured by any hard copy binding).  The first line of

the data load file should contain the field headers indicating the contents of each field, and each

subsequent line should contain the fielded data for each document.  Load files shall include the

below metadata fields, or substantially identical metadata fields, to the extent already in

existence and reasonably accessible.

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| BEGBATES | Beginning production number for a given document |
| ENDBATES | Ending production number for a given document |
| CUSTODIAN | Person, shared file or other source from whom files were collected |
| REDACTION | Identifies whether the file was redacted |
| CONFIDENTIAL | Identifies whether the file is designated confidential |
| TEXTPATH | Path to OCR text file |

**Production Media**

1.      All productions must be produced on CD-ROM, DVD, external hard drive (with standard PC-compatible interface), or such other readily accessible computer or electronic media or via FTP as the Parties may hereafter agree upon (the "Production Media"). The Parties must accompany all document productions with a letter identifying the production date and the Bates number range of the materials contained on such Production Media item.

2.      Each media volume must have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

3.      The producing party shall encrypt the production data using WinRAR or 7-Zip encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or FTP to which the production data is saved.