THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| The OFFICE CANTONAL DES FAILLITES DE LA REPUBLIQUE ET DU CANTON GENEVE, acting in its capacity as representative in the bankruptcy of AMOMA SARL, a Swiss limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDIA, INC.,<br><br>Defendant. | CASE NO. 2:23-cv-00983-BJR<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 1

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

2. "CONFIDENTIAL" & "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL'S EYES ONLY" MATERIAL

"Confidential" material shall include documents and tangible things produced or otherwise exchanged constituting or reflecting: research, development, or commercial information qualifying for protection under Fed. R. Civ. P 26(c), trade secrets, business plans, corporate strategy, customer information, board minutes, financial documents, market share data, marketing and advertising plans and forecasts, and protected materials or any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (consumer financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder (HIPAA), 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Fair Credit Reporting Act (FCRA), 15 USC § 1681 et seq. (consumer financial information); Communications Privacy Act of 1986, 18 U.S.C. § 2511 (private communication); Genetic Information Non-discrimination Act of 2008 (GINA) (biometric information).

"Highly Confidential–Outside Counsel's Eyes Only" material shall include the documents and tangible things that fall within the definition of "Confidential" and constitute or reflect: (a) highly sensitive confidential or proprietary information such that it would, if disclosed to the a Party's officers, employees, or Party's in house counsel, have a substantial likelihood of compromising or jeopardizing the producing Party's business interests if it were designated as merely "Confidential"; and (b) non-public trade secrets or other current or prospective confidential research, development, commercial, financial information, or other highly sensitive information or data, the disclosure of which to another Party or non-Party the producing Party believes in good faith could create a substantial risk of competitive harm, e.g., documents that reflect contemporaneous or forward-looking product development, forward-looking pricing and business strategy documents concerning a Party's particular product(s) or line of products,

AMENDED STIPULATED PROTECTIVE ORDER

(Case No. 2:23-cv-00983-BJR) - 2

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

contemporaneous or forward-looking strategic planning information, transactional data, pricing and cost data and analyses, or sales information relating to specific customers or classes of customers.

3. SCOPE

The protections conferred by this agreement cover not only Confidential or Highly Confidential–Outside Counsel's Eyes Only material (as defined above), but also (1) any information copied or extracted from Confidential or Highly Confidential–Outside Counsel's Eyes Only material; (2) all copies, excerpts, summaries, or compilations of Confidential or Highly Confidential–Outside Counsel's Eyes Only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Highly Confidential–Outside Counsel's Eyes Only material.

The Stipulated Protective Order shall govern all documents, testimony, and information contained therein, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, that the producing Party produces to the receiving Party and that the producing Party designates as Confidential or Highly Confidential–Outside Counsel's Eyes Only under this Stipulated Protective Order. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

Nothing herein shall be construed as an admission or concession by any Party that material designated as Confidential or Highly Confidential–Outside Counsel's Eyes Only, including any document, testimony, or information derived from material designated as Confidential or Highly Confidential–Outside Counsel's Eyes Only, constitutes material, relevant, or admissible evidence in this matter. The entry of this Stipulated Protective Order does not preclude any Party from seeking further order of this Court, including modification of this Stipulated Protective Order, challenging of any Confidential or Highly Confidential–Outside Counsel's Eyes Only designation as improper, or from objecting to discovery that the Party believes to be improper.

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 3

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving Party may use Confidential or Highly Confidential–Outside Counsel's Eyes Only material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential or Highly Confidential–Outside Counsel's Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential or Highly Confidential–Outside Counsel's Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "Confidential" or "Highly Confidential–Outside Counsel's Eyes Only" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating Party, a receiving Party may disclose any Confidential material only to:

(a)     the receiving Party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     (i) the officers, directors, and employees (including in house counsel) of the receiving Party; (ii) Nicolas Arthur and Yann Arthur in their capacity, and to the extent they remain, as the managers of Amoma SARL and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (iii) the heads of the Cantonal Bankruptcy Office of Geneva responsible for administering and liquidating the bankruptcy of Amoma SARL under Swiss law and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); provided that any disclosure to the persons described in the foregoing clauses (i), (ii) or (iii) is reasonably necessary for this litigation;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 4

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

(e) persons or firms retained for the purpose of litigation support (e.g. professional vendors for copy or imaging services retained by counsel to assist in the duplication of material designated as Confidential; audio and video recording; interpreting or translating; preparing exhibits or demonstratives; organizing, storing or retrieving data in any form or medium; jury consulting; mock trial coordination; litigation presentation ("hot seat") technicians, etc.), provided that counsel for the receiving Party retaining such persons or firms instructs them not to disclose any material designated as Confidential to third Parties and to immediately return all originals and copies of any Confidential Material at the conclusion of their services or this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound and/or designated by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3   Disclosure of Highly Confidential–Outside Counsel's Eyes Only Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating Party, Highly Confidential–Outside Counsel's Eyes Only shall be governed in all respects by Section 4.2 except that such material cannot be disclosed to the parties enumerated in Section 4.2(b). Before material is designated Highly Confidential–Outside Counsel's Eyes Only under this subsection, the designating Party will make a good faith effort to evaluate whether that material meets the requirements for Highly Confidential–Outside Counsel's Eyes Only material as set forth in Section 2. Highly Confidential–Outside Counsel's Eyes Only designations must be limited in scope.

4.4   Filing Confidential or Highly Confidential–Outside Counsel's Eyes Only Material.

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 5

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

Before filing Confidential or Highly Confidential material or discussing or referencing such material in court filings, the filing Party shall confer with the designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating Party will remove the confidentiality designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating Party must identify the basis for sealing the specific Confidential or Highly Confidential–Outside Counsel's Eyes Only information at issue, and the filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A Party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files. Nothing in this subsection will prohibit Parties from referencing the general character or category of Confidential or Highly Confidential–Outside Counsel's Eyes Only material or the reasons for the confidentiality designations in Court filings, where doing so does not reveal specific matters reasonably deemed Confidential or Highly Confidential–Outside Counsel's Eyes Only.

5. DESIGNATING PROTECTED MATERIAL

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 6

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, the designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating Party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL'S EYES ONLY" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). With respect to all designated materials produced with an associated load file, the producing Party will include the appropriate designation in the load file. With respect to all designated digital files produced in native format, the producing Party will include the appropriate designation in the filename or cover sheet.

(b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the Parties and any participating non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Highly Confidential–Outside Counsel's Eyes Only. If a Party

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 7

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

or non-party desires to protect Confidential or Highly Confidential–Outside Counsel's Eyes Only information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. Inadvertent or unintentional disclosure, without the required confidentiality designation, of any document, testimony, or information that the disclosing Party intended to designate as Confidential or Highly Confidential–Outside Counsel's Eyes Only shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or as to the same or related subject matter.

In the event that a designating Party makes such an inadvertent production, that Party shall contact the receiving Party within 30 days of the discovery of the inadvertent production, or as promptly as reasonably possible thereafter, and inform the receiving Party or Parties in writing of the inadvertent production and the specific material at issue. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this agreement for such material or for materials of the same or related subject matter. Upon timely correction of a designation, the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 8

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidentiality designations without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone/video conference.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential–Outside Counsel's Eyes Only" that Party must:

(a)     promptly notify the designating Party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 9

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential–Outside Counsel's Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing Party gives notice to receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving Party must return or destroy all Confidential and Highly Confidential–Outside Counsel's Eyes Only material, including all copies, extracts and summaries thereof that are not part of the legal file. Confidential or Highly Confidential–Outside Counsel's Eyes Only material saved in an electronically stored format on disaster recovery systems, will be certified to have been destroyed

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 10

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

if the receiving Party has a data destruction policy resulting in the eventual destruction or overwriting of the electronically stored information.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence (including email), deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential and/or Highly Confidential–Outside Counsel's Eyes Only material.

After the termination of this action by entry of a final judgment or order of dismissal (including without limitation any appeals and after the time for filing all appellate proceedings has passed), the provisions of this Stipulated Protective Order shall continue to be binding. This Stipulated Protective Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys. The Parties agree that the terms of this Stipulated Protective Order shall be interpreted and enforced by this Court. The confidentiality obligations imposed by this agreement shall remain in effect until a designating Party agrees otherwise in writing or a court orders otherwise.

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 11

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 2, 2025

| **KELLER ROHRBACK LLP** | **ANGELI & CALFO LLP** |
|---|---|
| By: */s/ Adele Daniel* <br> Lynn Lincoln Sarko, WSBA No. 16569 <br> Adele Daniel, WSBA No. 53315 <br> Andrew Lindsay, WSBA No. 60386 <br> Ryan McDevitt, WSBA No. 43305 <br> 1201 3rd Avenue, Suite 3200 <br> Seattle, WA 98101 <br> Phone: (206) 623-1900 <br> Email: lsarko@kellerrohrback.com <br> Email: adaniel@kellerrohrback.com <br> Email: rmcdevitt@kellerrohrback.com | By: */s/ Angelo J. Calfo* <br> Angelo J. Calfo, WSBA No. 27079 <br> Peter D. Hawkes, WSBA No. 56794 <br> 701 Pike St, Suite 1625 <br> Seattle, WA 98101 <br> Tel: (206) 703-4801 <br> Email: angelo@angelicalfo.com <br> Email: peter@angelicalfo.com |
| **KELLER ROHRBACK LLP** <br><br> By: */s/ Gary A. Gotto* <br> Gary A. Gotto, (Admitted *Pro Hac Vice*) <br> 3101 N. Central Avenue, Suite 1400 <br> Phoenix, AZ 85012 <br> Phone: (602) 248-2822 <br> Email: ggotto@kellerrohrback.com <br><br> *Attorneys for Plaintiff* | **COVINGTON & BURLING LLP** <br><br> By: */s/ Thomas O. Barnett* <br> Thomas O. Barnett (Admitted *Pro Hac Vice*) <br> Shadman Zaman (Admitted *Pro Hac Vice*) <br> One CityCenter <br> 850 Tenth Street NW <br> Washington, D.C. 20001 <br> Email: tbarnett@cov.com <br> Email: szaman@cov.com <br><br> By: */s/ Cortlin H. Lannin* <br> Cortlin H. Lannin <br> Salesforce Tower <br> 415 Mission Street, Suite 5400 <br> San Francisco, CA 94105 <br> Email: clannin@cov.com <br><br> *Attorneys for Defendant Expedia, Inc.* |

AMENDED STIPULATED PROTECTIVE ORDER

(Case No. 2:23-cv-00983-BJR) - 12

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing Party.

Dated this 3rd day of June, 2025.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

AMENDED STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00983-BJR) - 13

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

AMENDED STIPULATED PROTECTIVE ORDER

(Case No. 2:23-cv-00983-BJR) - 14

**ANGELI & CALFO LLC**
ATTORNEYS AT LAW
701 PIKE ST, SUITE 1625
SEATTLE, WA 98101
TEL. 206.703.4810